UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORINNE P. DONJUAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:09-cv-778-K |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on April 28, 2009. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On March 8, 2006,[1] plaintiff Corinne Pacheco Donjuan (hereinafter "Plaintiff" or "Donjuan") filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of February 1, 2002. (Administrative Record (hereinafter "Tr." at 11, 232-243)). She alleged disability due to back problems, diabetes, high blood pressure, cholesterol, depression, and sleep apnea. (Tr. 283). Her claim was denied by the state agency initially and on reconsideration, after which she

---

[1] While the timing or timeliness of filings is not at issue in this case, the court takes note of the fact that the ALJ's decision states that Plaintiff filed for disability on February 16, 2006 and SSI on February 28, 2006. (Tr. 11). The applications in the record are dated March 8, 2006. (Tr. 232-243). Plaintiff states that she filed "in October of 2003 and again in May of 2006". (Pl. Br. 1). The Commissioner cites March 8, 2006, as the date of application, (Def. Br. 1), and that is the date the court will use, as it is the date on the applications contained in the record.

requested a hearing before an Administrative Law Judge ("ALJ").

On January 10, 2008, ALJ Paul Kendall held an administrative hearing at which Plaintiff appeared with counsel. (Tr. 19-27). The hearing was continued after Plaintiff's counsel explained that Donjuan was a victim of identity theft and was working to clear up discrepancies the identity theft caused in her earnings records. On June 4, 2008, a second hearing was held before ALJ Gary Vanderhoof. (Tr. 28-68). There is no decision by ALJ Vanderhoof in the record, however, it appears from ALJ Peri Collins' opening remarks at Plaintiff's third hearing on September 19, 2008 (Tr. 69-97) that ALJ Vanderhoof's decision was not favorable to Plaintiff. ALJ Peri Collins ultimately issued the decision in this case.

Plaintiff appeared with counsel at all three hearings. No testimony was given at the first hearing. At the second hearing, Plaintiff testified on her own behalf. Tabitha Valdez, her daughter, testified on Plaintiff's behalf, and the ALJ also received the testimony of vocational expert ("VE") Dr. Thomas Irons, Ph.D. and medical experts ("ME") Dr. Alex Steele, M.D. and Dr. Beth Maxwell, M.D. (Tr. 28-68). At the third hearing, Plaintiff testified on her own behalf, and VE Dr. Irons testified. (Tr. 70-97).

On October 29, 2008, the ALJ denied Plaintiff's request for benefits, finding that Plaintiff had the severe impairments of a back disorder, obesity, osteoarthrosis of the left hip, and a history of sleep apnea, (Tr. 14), but that she was still capable of performing her past relevant work as a fast food worker and cashier and therefore was not disabled. (Tr. 18). Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on March 16, 2009, the Appeals Council denied her request. (Tr. 1-3). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309

F.3d 267, 271 (5th Cir. 2002). Plaintiff filed her federal complaint on April 28, 2009. Defendant filed an answer on June 9, 2009. On August 10, 2009, Plaintiff filed her brief, followed by Defendant's brief on November 9, 2009. Plaintiff filed her reply on November 24, 2009.

<u>Findings and Conclusions</u>: The administrative record in this case is both unique and problematic. Although it appears that the psychological evaluation made by John Lehman, Ph.D. of the Plaintiff on February 2, 2009, was transmitted by facsimile to the Appeals Council on February 5, 2009, *(see* Pl. App. at 4), the 24 page report is not contained in the administrative record filed with the Commissioner's answer.

The fax transmission was sent following her counsel's receipt of Brian Johnson's letter dated January 14, 2009, which granted a period of 25 days within which to submit additional materials for consideration by the Appeals Council. (Pl. App. at 29-30). Mr. Johnson's letter included the fax number and the designation "Attn: Branch 23". The fax transmission does not include a cover letter, nor the branch number, nor a reference to Brian Johnson, the legal assistant who authored the January 14th letter. The fact that Lehman's evaluation, (Pl. App. at 4-28), is not included in the Appeals Council's letter denying Plaintiff's request for review, (Tr. 001-003), strongly suggests that the report of Dr. Lehman was never considered in its review of the ALJ's decision.[2]

The Commissioner's attorney, on the other hand, contends that because the fax transmission was timely sent, the Appeals Council probably considered it, but found it was not "material", i.e. that there was a reasonable probability that the outcome would have been

---

[2] *Cf. Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) ("Still further, in this case, the Appeals Council noted in its letter denying Higginbotham's request for review that it had considered Dr. Patel's statement, in denying review of his claim.")

3

different had the evidence been presented.  The brief then proceeds to present reasons why Lehman's evaluation would not have altered the ALJ's decision issued on October 29, 2008. (*See* Def. Br. at 9-11).

The Commissioner's argument is unpersuasive.  The Appeals Council's notice (Tr. 1-3) is obviously a form letter which lists five reasons for review of an ALJ's decision without identifying why Donjuan's request for review was being denied.  The argument further is a not-too-subtle invitation for the court to determine whether the evaluation is "material" and to apply its own judgment in the face of silence by the Appeals Council.  It is abundantly clear that a court is prohibited from engaging in such an exercise in the context of a Social Security Act case. *Eg. Villa v. Sullivan*, 895 F.2nd 1019, 1022 (5th Cir. 1990) (Citations omitted).  Finally, in the context of a judicial review of an administrative proceeding the propriety of the decision at the administrative level is determined by the reasons given at the time the decision was made. *Eg. see Baylor Univ. Med. Center v. Heckler*, 758 F.2d 1052, 1060 (5th Cir. 1985) (collecting cases).  Therefore, Defendant is not permitted to provide possible reasons why Plaintiff's request for review was denied when the Appeals Council gave no explanation for its action.

As the holding in *Higginbotham v. Barnhart, supra* at n.1 teaches, the decision which is subject to judicial review includes evidence which a claimant submitted to the Appeals Council. For the reasons stated above it is impossible to determine from the administrative record whether the Appeals officer had access to the materials transmitted by facsimile on February 5, 2009, given that they are not included in the record and that the transmission did not include the branch number or a cover letter.  Because the report of Dr. Lehman was not available when the ALJ's

4

decision was made and was therefore new evidence which may be material[3] and because the report as transmitted may not have been seen or considered by the Appeals officer in denying Plaintiff's request for review this case should be remanded to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) sentence six and directing the Commissioner to file a supplemental transcript which contains the evaluation of Plaintiff made by John Lehman, Ph.D. and any additional and modified findings of fact as may be appropriate, and a decision on Plaintiff's request for review of the ALJ's decision which reflects that the evaluation by Dr. Lehman was considered.[4]

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order REMANDING the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this recommendation.

Signed this 4thday of January, 2010.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[3] For new evidence to be material, there must exist the "reasonable possibility that it would have changed the outcome of the [Commissioner's] determination." *Cheney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981).

[4] Under the sixth sentence, "[the district court] does not rule in any way as to the correctness of the administrative determination ... The statute provides that following a sentence six remand, the [Commissioner] must return to the district court to file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157 (1991).

5

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.